UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL WILLIAM SHIEFFEN,<br> Petitioner | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. C-10-116 |
| WARDEN DAN JOSLIN,<br> Respondent | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 26, 2010. Petitioner claims that he is entitled to credit on his federal sentence for time spent in state custody. Petitioner also asks for a downward departure of his sentence, pursuant to United States Sentencing Guideline § 5G1.3. Respondent filed a motion for summary judgment on August 19, 2010 (D.E. 16) to which petitioner did not respond.

### BACKGROUND

On July 17, 2007 petitioner was arrested by Plano, Texas police and charged in the 199th District Court of Collin County with one count of possession of a controlled substance and two counts of forgery of a financial instrument. On October 3, 2007, after pleading guilty, petitioner was sentenced to three one-year terms, to run concurrently,

with credit given for the 78 days he had spent in jail (Decl. of Dawn Giddings, D.E. 16-2, para. 3; Case Histories, D.E. 16-2, Att. 1).

Also on October 3, 2007, petitioner was released to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum for arrest on a charge of possession with intent to distribute heroin (Giddings Decl., D.E. 16-2, paras. 4-5; U.S.M.S. pris. tracking sys., D.E. 16-2, Att. 2). On March 6, 2008, while still subject to the federal writ, petitioner was indicted by the 199th District Court of Collin County, Texas on one count of tampering with a government record (Giddings. Decl., D.E. 16-2, para. 5; Case History, D.E. 16-2, Att. 3).

On July 16, 2008 petitioner completed his three original one-year state sentences (Giddings Decl., D.E. 16-2, para. 6). The later Collin County charge was still pending (Giddings Decl., D.E. 16-2, para. 6). On September 19, 2008, following a guilty plea, petitioner was sentenced to a term of 96 months (later reduced by 12 months) and a five-year period of supervised release on the federal heroin charge (Giddings Decl., D.E. 16-2, para. 7; Jmt in a Criminal Case, D.E. 26-2, Att. 4). Petitioner was returned to state custody on October 2, 2008 and a federal detainer was placed on him (Giddings Decl., D.E. 16-2, para. 7; U.S.M.S. pris. tracking sys., D.E. 16-2, Att. 2).

On October 1, 2008, following a guilty plea, petitioner was convicted in Collin County on a charge of tampering with a government document and sentenced to a five-year term in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID") with time-served credit of 441 days (Giddings Decl., D.E. 16-2, para. 8;

Case History, D.E. 16-2, Att. 3). On October 15, 2009 petitioner was released from state custody on mandatory supervision to the custody of the United States Marshals Service to begin serving his federal sentence (Giddings Decl., D.E. 16-2, para. 8; U.S.M.S. pris. tracking sys., D.E. 16-2, Att. 5; Cert. of Mand. Sup., D.E. 16-2, Att. 6).

On December 26, 2009 and February 18, 2010 petitioner filed requests to the BOP staff asking for assistance in getting credit toward his federal sentence for time he had spent in state custody. He was informed that no action would be taken to reduce his federal sentence by BOP authorities, but he could seek a reduction in his sentence from the sentencing court to reflect the amount of time he spent in custody on the federal writ of habeas corpus ad prosequendum ( Inmate Requests to Staff and Replies, D.E. 1, Ex. F).

On June 17, 2010 a representative of the BOP Designation and Sentence Computation Center sent a letter to the federal sentencing court asking whether the court wished to retroactively designate the state facility where petitioner spent 380 days serving his state sentence as a federal holding facility for purposes of petitioner's federal sentence. In other words, the BOP was asking whether the federal court wanted to credit petitioner's federal sentence with the 380 days he spent serving his state sentence.[1] (Ltr of June 17, 2010, D.E. 16-2, att. 7). On June 23, 2010 the district judge responded that he

---

[1] In Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Fifth Circuit held that the BOP has the authority to designate a state prison as a place of federal confinement under 18 U.S.C. § 3621(b) and that prisoners are entitled to have the BOP consider requests to designate a state prison as a place of confinement. The designation may be made retroactively and the BOP is supposed to take into account the views of the sentencing court. Id. at 478; 8 U.S.C. § 3621(b).

was unaware of the pending Collin County case at the time he sentenced petitioner, but that because the two offenses were completely different, he recommended that the federal and state sentences run consecutively to one another and there should be no retroactive designation (Ltr of June 23, 2010, D.E. 16-2, att. 7).

Petitioner filed the instant petition on April 29, 2010 asking that he be given credit for the 351 days he spent in TDCJ-CID, from October 30, 2008 until October 15, 2009, toward his federal sentence. In the alternative, petitioner seeks a downward departure on his federal sentence for the same period of time.

In his motion for summary judgment, respondent argues that petitioner has not exhausted his administrative remedies and that in any event he is not entitled to credit toward his federal sentence. In addition, respondent argues that to the extent petitioner claims that his sentence is illegal or improper, he would need to bring that cause of action as a motion pursuant to 28 U.S.C. § 2255 in the sentencing court.

## APPLICABLE LAW

### A.  Exhaustion of Administrative Remedies

When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP. <u>United States v. Gabor</u>, 905 F.2d 76, 78, n. 2 (5th Cir. 1990)(citations omitted). A district court may dismiss a case under 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies. <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir. 1993). Procedures for seeking review of sentence computation are set out at 28 C.F.R. §§ 542.10 - 542.18. First, an inmate is supposed to

attempt informal resolution of a problem and then submit a formal written request to the Warden on the appropriate form. If he is not satisfied with the Warden's response, the inmate may submit an appeal to the regional director on another form. If he is dissatisfied with the response from the regional director, he may appeal to the general counsel. Prisoners may seek judicial review of the computation after exhausting their administrative remedies. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Exceptions to the exhaustion requirement apply only in extraordinary circumstances and the petitioner has the burden of demonstrating the futility of administrative review. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citing Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)).

It is undisputed in this case that petitioner did not exhaust his administrative remedies and he has neither argued nor shown that attempts to do so would be futile. Because he did not do so, petitioner's cause of action is dismissed without prejudice so that he may have an opportunity to exhaust his administrative remedies.

**B. Merits**

In the alternative, petitioner's case is dismissed because he cannot show he is entitled to relief on the merits. A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. Wilson, 503 U.S. at 335, 112 S.Ct. at 1354, 1355; United States v. Pineyro, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of the BOP regarding sentence calculation are subject to

judicial review under an abuse of discretion standard. Barden, 921 F.2d at 478; McCarthy v. Doe, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

> Regarding the calculation of a term of imprisonment:
>
> (a) Commencement of Sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner does not dispute that he received credit toward his state sentence from October 30, 2006 to October 15, 2009. The plain language of the statute indicates that petitioner is not entitled to the relief he seeks because the time he spent in state custody was credited against his state sentence. Also, the time a state prisoner spends "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum does not serve to interrupt the state's custody over an inmate. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

Moreover, the BOP contacted the sentencing judge and gave him the opportunity to recommend retroactively that petitioner's federal sentence run concurrently with his state sentence, but the judge declined to do so. Based on the sentencing court's recommendation, along with the facts underlying his state and federal convictions, the

BOP denied petitioner's request to designate TDCJ-CID as a federal facility so that petitioner could received credit toward his federal sentence for the time he spent there (Giddings Decl., D.E. 16-2, para. 10; 18 U.S.C. § 3621(b) worksheet, D.E. 16-2. Att. 7). Petitioner has not shown that the decision was an abuse of discretion and accordingly, is not entitled to the relief he seeks.

## C. 28 U.S.C. § 2255 Claim

To the extent petitioner seeks a downward departure of 351 days on his federal sentence, a § 2255 motion provides the primary means of collateral attack on a federal sentence. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(citing Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. Id. A § 2255 motion must be filed in the sentencing court. Id. A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. Id. at 452. To the extent petitioner is challenging the validity of his federal sentence via § 2241, his claim is dismissed because this court does not have jurisdiction to hear it.

## CONCLUSION

For the reasons stated above, respondent's motion for summary judgment (D.E. 16) is granted and petitioner's application for habeas corpus relief is dismissed without prejudice for failure to exhaust his administrative remedies. In the alternative, petitioner's cause of action is dismissed on the merits because he has failed to show that

7

he is entitled to relief.  To the extent petitioner seeks a downward departure of his original sentence, his cause of action is dismissed because this court is without jurisdiction to consider a claim brought by petitioner pursuant to 28 U.S.C. § 2255.

ORDERED this 5th day of November, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE